EL PUEBLO, DEMANDANTE Y APELADO, *v.* PADILLA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo en causa por infracción de ordenanzas municipales.

No. 623.—Resuelto en abril 16, 1914.

DERECHO CONSTITUCIONAL—DERECHO DE REUNIÓN—ORDENANZAS MUNICIPALES.—
Tanto el artículo 1º. de los adicionales a la Constitución de los Estados Unidos como la sección 753 de los Estatutos Revisados de Puerto Rico garantizan el derecho del pueblo a congregarse pacíficamente, y una ordenanza municipal que coartara ese derecho sería completamente nula.

ORDENANZAS MUNICIPALES—REGLAMENTACIÓN DEL USO DE LAS CALLES Y PLAZAS PÚBLICAS.—El poder de un gobierno municipal para prescribir reglas sobre el tránsito por sus calles y el uso de sus plazas y paseos, es incuestionable.

ID.—INTERPRETACIÓN RESTRICTIVA.—Toda ordenanza municipal que regula un derecho del pueblo expresamente reconocido por la ley, debe interpretarse de modo restrictivo.

ID.—INTERPRETACIÓN DE LA ORDENANZA MUNICIPAL DE ARECIBO DE OCTUBRE 8, 1908.—La ordenanza municipal de Arecibo de esta fecha se refiere únicamente a los *meetings* celebrados por los partidos políticos en las épocas de elecciones y se inspira en el propósito de impedir que puedan surgir posibles conflictos entre los ciudadanos que militan en diferentes partidos políticos, más bien que en el de asegurar el tránsito sin obstáculo por las calles de la ciudad.

ID.—CELEBRACIÓN DE UN MEETING POR UNA ORGANIZACIÓN QUE NO ES UN PARTIDO POLÍTICO.—De acuerdo con el alcance de la ordenanza municipal de Arecibo

de octubre 8, 1908, explicado en el párrafo anterior, no constituye infracción alguna de dicha ordenanza el celebrar un *meeting* por una organización que no tiene el carácter de un partido político, sin cumplir con los requisitos de dicha ordenanza.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, fiscal.*

Abogado del acusado: *Sr. Rafael López Landrón.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación contra sentencia de la Corte de Distrito de Arecibo dictada el 27 de mayo de 1913, por virtud de la cual se condenó al apelante Esteban Padilla, como autor de una infracción a cierta ordenanza municipal, a pagar la multa de cinco dollars y en su defecto a sufrir un día de cárcel por cada dollar de la multa que dejare de satisfacer.

La denuncia, en lo pertinente, dice así:

"Que en la noche del 31 de marzo de 1913 y en la Plaza 'Tyson' de Arecibo del Distrito Judicial Municipal de Arecibo, P. R., el mencionado Esteban Padilla, como presidente de la organización 'Justicia y Defensa Popular,' promovió y llevó a cabo un *meeting* público de la citada organización, sin dar aviso por escrito al alcalde de la ciudad para dicho acto, tal como lo ordena la sección 1ª. de una ordenanza municipal, aprobada en 8 de octubre de 1908, violando por tanto, de este modo, la mencionada ordenanza."

Al serle leída la denuncia, el acusado manifestó que no era culpable y luego solicitó el archivo y sobreseimiento de la denuncia basándose en que la ordenanza de la cual se le presumía infractor era contraria al artículo 1 de las Enmiendas a la Constitución de los Estados Unidos de América y a las secciones 3, 4 y 5 de la ley regulando los derechos del pueblo aprobada el 27 de febrero de 1902. La solicitud del acusado fué declarada sin lugar por resolución de 27 de mayo de 1913.

Entonces el acusado, el mismo día, volvió a solicitar el archivo y sobreseimiento de la denuncia, basándose en que

la ordenanza que se alegaba infringida sólo tenía aplicación a las reuniones celebradas por los partidos políticos en tiempos de elecciones y por tanto no comprendía el hecho consignado en la denuncia. Esta segunda solicitud fué también declarada sin lugar.

Acto seguido se procedió a la celebración de la vista. En ella el acusado aceptó que el 31 de marzo de 1913, dió un *meeting* en una plaza pública de Arecibo, a nombre de la organización "Justicia y Defensa Popular," sin haber pedido permiso al alcalde de la ciudad. Y el Fiscal aceptó de igual modo que la organización "Justicia y Defensa Popular" no es un partido político. Y sometido el caso a la decisión de la corte, fué resuelto por medio de la sentencia a que nos hemos referido anteriormente.

La ordenanza que se supone infringida, copiada a la letra, es como sigue:

"Por cuanto, el derecho de reunión para todos los fines de la vida es uno de los que las Leyes conceden a los ciudadanos, quienes dentro de las limitaciones que aquéllos expresan pueden hacer uso libre de él.

"Por cuanto, es la práctica de que al aproximarse elecciones para los cargos públicos se utilice como medio de propaganda política por los partidos militantes las reuniones o mítines en las vías públicas de las poblaciones; y esta costumbre han comenzado a ejercitarla los partidos locales.

"Por cuanto, si bien los ciudadanos que formalizan estas reuniones públicas hacen uso de un derecho incuestionable, no siempre se verifica en la forma que deban revestir los actos de todo pueblo culto que ha de demostrar en estos actos toda la cordura y sensatez de que tantas pruebas en todas ocasiones han dado los puertorriqueños.

"Y por cuanto, es un deber de la Administración y especialmente del concejo municipal de conformidad con lo establecido en los incisos 12 y 14 de la Sección 25 de la Ley Municipal, dictar reglas referentes al orden público y bienestar del vecindario.

"Por tanto, ordénese por el Concejo Municipal de Arecibo:

"Sección 1ª.—Siempre que se trate de llevar a cabo una reunión o mitin público los promovedores darán aviso por escrito y con 24 horas de anticipación al Sr. Alcalde, manifestando el sitio en que

intentan celebrar la reunión.    Si el sitio asignado hubiere sido elegido antes por alguna otra persona o agrupación y dado el correspondiente aviso al Sr. Alcalde, esto lo hará presente al recurrente con el fin de acordar otro sitio que se procurará sea lo más distante posible, del en que se haya de efectuar el primer mitin anunciado, o que el segundo se realice en otro día; y que cuando se efectúe un mitin o manifestación de un partido en sitio determinado, la policía procure que una manifestación del partido adversario no pase por el lugar donde aquél se celebra avisándolo al director o promoveder de aquélla.

"Sección 2.—Los que infrinjan esta ordenanza, serán denunciados al juzgado de paz que les impondrá la multa de $5.00 a $10.00 o la prisión subsidiaria correspondiente.

"Sección 3.—Esta ordenanza después de aprobada por el Sr. Alcalde se publicará por término de diez días, siendo ejecutiva desde el vencimiento de dicho plazo."

El artículo primero de los adicionales a la Constitución de los Estados Unidos de América, es así:

"Artículo 1.—El Congreso no decretará ninguna ley con respecto al establecimiento de religión, o que prohiba el libre ejercicio de la misma; o coarte la libertad de la palabra, o de la prensa; o el derecho del pueblo a reunirse pacíficamente, y a pedir al Gobierno el alivio de sus agravios." I Messages and Papers of the Presidents, 34.

En el caso de *United States* v. *Cruikshank et al.*, 92 U. S., 542, 552, se decidió lo que sigue:

"La primera de las Enmiendas a la Constitución prohibe al Congreso que coarte 'el derecho del pueblo a reunirse y a pedir al Gobierno el alivio de sus agravios.' Esta, lo mismo que las otras enmiendas propuestas y adoptadas en la misma fecha, no fué aprobada con la intención de limitar el poder de los Gobiernos de los Estados en cuanto a sus propios ciudadanos, sino para actuar solamente sobre el Gobierno de la Nación. *Barron* v. *The City of Baltimore*, 7 Pet., 250; *Lessee of Livingston* v. *Moore, id.*, 551; *Fox* v. *Ohio*, 5 How., 434; *Smith* v. *Maryland*, 18 *id.*, 76; *Wilhsers* v. *Buckley*, 20 *id.*, 90; *Pervear* v. *The Commonwealth*, 5 Wall., 479; *Fwitchell* v. *The Commonwealth*, 7 *id.*, 321; *Edwards* v. *Elliott*, 21 *id.*, 557. Es ya demasiado tarde para impugnar la corrección de esa interpretación. Como se dijo por el difunto Juez Presidente, en *Fwitchell* v. *The Common-*

*wealth,* 7 Wall., 325, 'el alcance y aplicación de estas enmiendas, no será por más tiempo motivo de discusión aquí.' Ellas dejaron la autoridad de los Estados justamente donde la encontraron, y nada añadieron a los poderes de los Estados Unidos anteriormente existentes."

Siguiendo la regla establecida, veamos qué ha legislado El Pueblo de Puerto Rico con respecto a esta materia.

En 27 de febrero de 1902, se aprobó una ley definiendo los derechos del pueblo. La sección 4 de dicha ley, que es la 753 de los Estatutos Revisados de Puerto Rico de 1902, prescribe que:

"El Pueblo de Puerto Rico tendrá el derecho de reunirse pacíficamente para el bien común, y de acudir, por medio de petición o queja razonada, a los que han sido investidos de los poderes del Gobierno, en solicitud de que se le remedien perjuicios."

La ley local y la nacional son, pues, esencialmente iguales y ambas garantizan el derecho del pueblo a congregarse pacíficamente. Una ordenanza municipal que coartara ese derecho, sería, en tal virtud, completamente nula.

Ahora bien, regular no es coartar en todas ocasiones. El poder de un gobierno municipal para prescribir reglas sobre el tránsito por sus calles y el uso de sus plazas y paseos, es incuestionable. Todo depende de la forma en que se use ese poder. Si se emplea de modo razonable, debe acatarse por los ciudadanos y reconocerse por los tribunales. Si se ejerce en forma arbitraria, queda desprovisto de toda autoridad.

Siendo esto así, e intentando la ordenanza del Municipio de Arecibo que se supone infringida, la regulación de un derecho del pueblo expresamente reconocido por la ley, debe interpretarse de modo restrictivo.

Examinando la ordenanza de que se trata en su totalidad y habiendo en consideración lo consignado en su preámbulo, es necesario concluir que se refiere únicamente a los *meetings* celebrados por los partidos políticos en las épocas de elecciones y que se inspira en el propósito de impedir que

puedan surgir posibles conflictos entre los ciudadanos que militan en diferentes partidos políticos, más bien que en el de asegurar el tránsito sin obstáculos por las calles de la ciudad.

El representante del Gobierno en este caso reconoció en el acto de la vista que la organización "Justicia y Defensa Popular," a nombre de la cual celebró el acusado su reunión pública, no era un partido político. Por nuestro conocimiento judicial nos consta, además, que en o alrededor de la fecha en que tuvo lugar la reunión pública en este caso, no se celebraron elecciones en Arecibo. En tal virtud, debemos reconocer que está bien fundada la contención del apelante y resolver en su consecuencia que el hecho que se imputa al acusado en la denuncia no constituye la infracción alegada, por no estar comprendido dentro de las prescripciones de la citada ordenanza.

Habiendo llegado a esa conclusión, se hace innecesario que entremos en el estudio de los términos en que aparece redactada la ordenanza, a fin de resolver si es o nó contraria a la ley de la Asamblea Legislativa de Puerto Rico definiendo los derechos del pueblo, aprobada en 27 de febrero de 1902.

Debe declararse con lugar el recurso interpuesto, revocarse la sentencia apelada y absolverse al acusado.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.