EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
SANDALIO E. ALONSO, acusado y apelante.

No. 2691.—*Visto:* Marzo 23, 1926. *Resuelto:* Julio 8, 1926.

1. CORPORACIONES MUNICIPALES—USO Y REGLAMENTACIÓN DE SITIOS, PROPIEDAD U
OBRAS PÚBLICAS—EDIFICIOS PÚBLICOS, PARQUES, PLAZAS U OTROS SITIOS O
PROPIEDADES PÚBLICAS—PLAZAS PÚBLICAS—REGLAMENTACIÓN DEL USO, QUE
COARTA Y OBSTACULIZA DERECHOS PERSONALES CIVILES Y POLÍTICOS.—Una
ordenanza municipal que no regula el uso de plazas públicas sino que prohibe
la celebración·de mítines de cualquier clase en ellas e interfiere en forma
tal con el derecho de reunión de los ciudadanos que tiende claramente a
obstaculizarlo y lo coarta, es anticonstitucional y nula.
2. DERECHO CONSTITUCIONAL—DERECHOS PERSONALES CIVILES Y POLÍTICOS—DE-
RECHO DE REUNIÓN PACÍFICA—LEGISLACIÓN QUE LO OBSTACULIZA Y COARTA—
ORDENANZAS MUNICIPALES.—La sección 1 de la Ordenanza Municipal de
Ponce aprobada en marzo 7, 1916, en tanto en cuanto prohibe mítines de
cualquier clase dentro de la Plaza Delicias (hoy Muñoz Rivera) viola los
preceptos de la sección 4 de la ley de Febrero 27 de 1902 (Comp. 298) y
la sección 2 del Acta Jones de 1917.

SENTENCIA de *Angel Acosta Quintero,* J. (Ponce), condenando al
acusado por infracción a una ordenanza municipal. *Revocada*
y absuelto el acusado.

*Felipe Colón y Leopoldo Tormes,* abogados del apelante; *José E.
Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
tribunal.

Se acusó a Sandalio Alonso por una violación a la sec-
ción 1 de la Ordenanza Municipal de Ponce, aprobada en
marzo 7, 1916, consistente en haber organizado y celebrado
un mítin del Partido Socialista dentro de la plaza "Luis
Muñoz Rivera," de Ponce, a sabiendas de estar prohibida
por la indicada ordenanza la celebración de toda clase de
mítines en dicha plaza.

Practicada la prueba la corte declaró culpable al acusado
y éste interpuso el presente recurso de apelación.

La ordenanza de que se trata, en lo pertinente, dice:

"Ordenanza para prohibir toda clase de meetings, dentro, alre-
dedor y a una cuadra de distancia de las Plazas 'Federico Degetau,'
Delicias, la de la Abolición y Marina del Poblado de la Playa de
Ponce.—Por cuanto, la obra de embellecimiento llevada a cabo en las

plazas principales de la ciudad, 'Federico Degetau' y 'Marina' del poblado de la Playa, requiere no sólo por parte de la administración sino del público en general el mayor interés y cuidado para su conservación.—Por cuanto, no será posible hacer que perduren las obras realizadas y las que se realizarán en estos tres sitios, si no se previene escrupulosamente todo cuanto tienda a destruirlas.—Por cuanto, es un deber de la administración atender, cuidar, y preservar los intereses municipales que son los intereses del pueblo de toda incorrección o descuido que pueda dañarlos o menoscabarlos.—Por tanto,. ordénese por el Concejo Municipal de Ponce, Puerto Rico,—Sección 1a. Queda prohibido absolutamente todo meeting de cualquier clase que sea, dentro, en los alrededores y a una cuadra de distancia de las plazas 'Federico Degetau,' 'Delicias,' 'Abolición' y 'Marina' del poblado de la Playa.''

La prueba demostró que la llamada plaza ''Delicias'' en la Ordenanza lleva hoy el nombre de ''Luis Muñoz Rivera.''

[1, 2] Sostiene el apelante que la corte de distrito cometió tres errores, siendo uno de ellos el haber considerado que la ordenanza en cuestión era constitucional.

El 27 de febrero de 1902 se aprobó en Puerto Rico una ley definiendo los derechos del pueblo cuya sección 4, dice:

''El Pueblo de Puerto Rico tendrá el derecho de reunirse pacíficamente para el bien común, y de acudir, por medio de petición o queja razonada, a los que han sido investidos de los poderes del Gobierno, en solicitud de que se le remedien perjuicios.''

En 1917 el Congreso de los Estados Unidos al aprobar la vigente Ley Orgánica de Puerto Rico consagró el derecho de reunión al prescribir en su sección 2, entre otras cosas, lo que sigue:

''No se aprobará ninguna ley restringiendo la libertad de la palabra o de la prensa, o el derecho del pueblo a reunirse en asamblea pacíficamente y pedir al Gobierno la reforma de los abusos.''

Y en el caso de *El Pueblo* v. *Padilla,* 20 D.P.R. 276, 280, esta corte se expresó así:

''La ley local y la nacional (se hace referencia a la Constitución) son, pues, esencialmente iguales y ambas garantizan el derecho del

pueblo a congregarse pacíficamente. Una ordenanza municipal que coartara ese derecho, sería, en tal virtud, completamente nula.

"Ahora bien, regular no es coartar en todas ocasiones. El poder de un gobierno municipal para prescribir reglas sobre el tránsito por sus calles y el uso de sus plazas y paseos, es incuestionable. Todo depende de la forma en que se use ese poder. Si se emplea de modo razonable, debe acatarse por los ciudadanos y reconocerse por los tribunales. Si se ejerce en forma arbitraria, queda desprovisto de toda autoridad."

Siguiendo la pauta marcada veamos si la ordenanza de que se trata coarta o nó el derecho de reunión.

Sólo dos testigos declararon por parte del Fiscal: el Sargento de la Policía Insular Izquierdo y el Policía Rodríguez. Ambos reconocieron que en la ciudad de Ponce sólo existen tres plazas públicas de recreo, a saber: el parque de la Abolición, la plaza de Degetau, llena de jardines, y la plaza de Muñoz Rivera con algunas flores alrededor de la estatua que está en el centro y en los extremos y con un amplio paseo de losas de cemento. Hay otra plaza en la playa.

Conocemos los motivos o razones que en la misma ordenanza se expresan para adoptarla. De conformidad, pues, con la propia prueba de cargo podrían quizá dichos motivos justificar el acuerdo en cuanto a las plazas de Degetau y de la Abolición, pero en manera alguna en cuanto a la plaza de Muñoz Rivera.

Además, si se tiene en cuenta que la ordenanza abarca todas las plazas y que no regula su uso, sino que prohibe en absoluto la celebración de mítines de cualquier clase en ellas, es necesario concluir que interfiere en forma tal con el derecho de reunión de los ciudadanos, que puede concluirse que tiende a obstaculizarlo claramente y lo coarta.

Se dirá que existen en la ciudad teatros y otros sitios donde los ciudadanos pueden reunirse. Los teatros son sitios que pertenecen a determinadas personas que exigen generalmente el pago de dinero por su uso. Una reunión de ciudadanos es algo que surge muchas veces de improviso.

Un acto abusivo de las propias autoridades puede levantar una protesta de momento y las plazas públicas parecen el sitio apropiado para que los ciudadanos puedan reunirse y comunicarse inmediatamente y adoptar los acuerdos necesarios sin obstáculos de ningún género, y la ordenanza de que se trata prohibe *toda clase de mítines.*

Las plazas son del pueblo.  Su administración está encomendada por el pueblo a las autoridades municipales para beneficio del pueblo.  ¿Cómo es posible que el poder de esas autoridades se extienda a cerrar en absoluto esas plazas todas, para toda clase de mítines?  Se trata sencillamente de una extralimitación de poder que no puede subsistir una vez que se confronta con el espíritu de nuestras libres instituciones.

Siendo, en tal virtud, la Ordenanza por cuya infracción se condenó al acusado contraria a nuestras leyes fundamentales y al espíritu de nuestras instituciones, no habiendo violado ninguna ley válida, *debe ser revocada la sentencia y absuelto el acusado.*