EL PUEBLO DE PUERTO RICO, peticionario, *v.* INÉS ÁLVAREZ RODRÍGUEZ, recurrida.

*Número:* CC-2000-588          *Resuelto:* 29 de junio de 2001

*Gustavo A. Gelpí, Procurador General*, y *Rose Mary Corchado Lorent, Procuradora General Auxiliar*, abogados de la parte peticionaria; *José A. Rubio Pitre*, abogado de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

En esta ocasión nos toca dilucidar si, bajo la Ley de Sentencia Suspendida y Libertad a Prueba, Ley Núm. 259 de 3 de abril de 1946, según enmendada por la Ley Núm. 33 de 27 de julio de 1993 (34 L.P.R.A. secs. 1026-1029), procede conceder el beneficio de una sentencia suspendida a una persona que ha sido convicta por el delito de homicidio, y que utilizó un arma de fuego al cometer dicho delito. Por entender que tanto el texto como el historial legislativo de la mencionada ley son claros y explícitos, resolvemos que una persona que ha utilizado un arma de fuego durante la comisión de un delito grave, o su tentativa, está excluida de los beneficios de la Ley de Sentencia Suspendida y Libertad a Prueba. Revocamos, pues, la decisión del Tribunal de Circuito de Apelaciones.

I

El Ministerio Público presentó acusaciones contra Inés Álvarez Rodríguez por el delito de asesinato en primer grado por haber dado muerte, el 9 de febrero de 1997, a Wandy Joyce Cintrón Rodríguez y a Erasmo Centeno Lugo, al hacerles dos disparos a cada uno con un revólver. Álvarez Rodríguez también fue acusado por infracciones a los Arts. 6 y 8 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. secs. 416 y 418. Celebrado el juicio por tribunal de derecho, el acusado fue declarado culpable por el delito de homicidio y por las infracciones a los Arts. 6 y 8 de la Ley de Armas, *supra.*

El Tribunal de Primera Instancia dictó sentencia contra Álvarez Rodríguez y le condenó a la pena de reclusión por el término de diez (10) años en cada uno de los cargos de homicidio, para ser cumplidos de forma concurrente, y concediéndole el beneficio de sentencia suspendida. Por las infracciones a los Arts. 6 y 8 de la Ley de Armas, *supra,*

Álvarez Rodríguez fue condenado a cumplir tres (3) y cinco (5) años de reclusión, respectivamente, para ser cumplidos de forma concurrente con las sentencias por los dos (2) cargos de homicidio, y también bajo el régimen de sentencia suspendida.

El Ministerio Público presentó una "Moción Solicitando Reconsideración de Sentencia al Amparo de la Regla 185 de Procedimiento Criminal" y planteó que la sentencia era ilegal porque la Ley Núm. 33 de 27 de julio de 1993 (34 L.P.R.A. secs. 1027 y 1042; 4 L.P.R.A. sec. 1503) había enmendado la Ley de Sentencia Suspendida para excluir expresamente del privilegio de sentencia suspendida a la persona que utilice o intente utilizar un arma de fuego en la comisión de un delito grave o su tentativa. Posteriormente, el Tribunal de Primera Instancia celebró una vista para atender la moción de reconsideración y reiteró su determinación de concederle a Álvarez Rodríguez el beneficio de la sentencia suspendida.

El Procurador General acudió en *certiorari* ante el Tribunal de Circuito de Apelaciones. Dicho tribunal emitió la sentencia recurrida y determinó que en el caso de autos no existe elemento alguno que lo haga distinguible de nuestra decisión en *Pueblo v. Zayas Rodríguez*, 147 D.P.R. 530 (1999). Basado en esta conclusión, el Tribunal de Circuito de Apelaciones confirmó la decisión del Tribunal de Primera Instancia.

El Procurador General acude ante nos alegando que el Tribunal de Circuito de Apelaciones erró al ignorar las disposiciones de la Ley de Sentencia Suspendida, según enmendada por la Ley Núm. 33, *supra*, que excluye de sus beneficios a los convictos que han utilizado o han intentado utilizar un arma de fuego en la comisión de un delito grave o su tentativa, obviando así la clara e inequívoca intención legislativa.

Oportunamente, ordenamos a Álvarez Rodríguez que mostrara causa por la cual no debíamos revocar la decisión

del Tribunal de Circuito de Apelaciones. Álvarez Rodríguez compareció ante nos mediante su "Oposición a Petición de Certiorari," alegando que el caso de autos es indistinguible de *Pueblo v. Zayas Rodríguez*, supra, y que el Tribunal de Circuito de Apelaciones actuó correctamente al confirmar la suspensión de la sentencia. No obstante, entendemos que el texto de la Ley de Sentencia Suspendida y Libertad a Prueba es claro. Además, del historial legislativo surge una intención cónsona con dicho texto. Por lo tanto, concluimos que no es de aplicación al caso de autos lo resuelto en *Zayas Rodríguez*, supra. Resolvemos que no procede conceder una sentencia suspendida a Álvarez Rodríguez, y revocamos la decisión del Tribunal de Circuito de Apelaciones.

## II

La Ley de Sentencia Suspendida y Libertad a Prueba establece un sistema mediante el cual se le concede a un convicto el beneficio de cumplir con su sentencia fuera de la cárcel, mientras mantenga una buena conducta y cumpla con ciertas condiciones. *Pueblo v. Zayas Rodríguez*, supra. Su propósito es "hacer viable la política pública de rehabilitación enunciada en la Sec. 19 del Art. VI de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1 ...". Íd., pág. 536. La Ley de Sentencia Suspendida y Libertad a Prueba intenta minimizar los efectos indeseados que las sanciones penales pueden tener en los convictos, fomentando así la rehabilitación de dichas personas y su reintegración a la sociedad como miembros productivos e útiles. Íd. Sin embargo, "[e]l disfrute de una sentencia suspendida es un privilegio y no un derecho". Íd. La concesión de este privilegio descansa, normalmente, en la sana discreción del tribunal. Íd.

No obstante el propósito rehabilitador de esta legislación, ésta debe también atemperarse a la necesidad de pro-

veer para la seguridad de la comunidad en general. Es por esto, que debe mantener un balance en el cual se asegura que personas peligrosas no acaben rondando las calles del País innecesariamente. A estos efectos, la Ley de Sentencia Suspendida y Libertad a Prueba fue enmendada por la Ley Núm. 33, *supra*. El Art. 2 de la Ley de Sentencia Suspendida y Libertad a Prueba, 34 L.P.R.A. sec. 1027, en su parte pertinente, ahora lee:

> El Tribunal de Primera Instancia podrá suspender los efectos de la sentencia que se hubiera dictado en todo caso de delito grave que no fuere asesinato ... *o cuando la persona utilice o intente utilizar un arma de fuego en la comisión de un delito grave o su tentativa ...*". (Énfasis suplido.)

Dicha ley añadió la frase "o cuando la persona utilice o intente utilizar un arma de fuego en la comisión de un delito grave o su tentativa" (íd.) en el primer párrafo del artículo para excluir del beneficio de sentencia suspendida a todas las personas que caigan bajo esta categoría.

Surge, pues, del texto claro de la ley, que si alguien ha sido convicto de un delito grave o su tentativa, y utilizó o intentó utilizar un arma de fuego durante la comisión de dicho delito, esta persona no tendrá derecho a una sentencia suspendida. 34 L.P.R.A. sec. 1027. Lo mismo surge del historial legislativo de la Ley Núm. 33, *supra*.

### III

En *Pueblo v. Zayas Rodríguez*, supra, nos enfrentamos a un caso similar al caso de autos. En esa ocasión, el peticionario había sido convicto de homicidio y de infracciones a los Arts. 6 y 8 de la Ley de Armas, *supra. Zayas Rodríguez*, supra. El foro de instancia suspendió su sentencia, y el Tribunal de Circuito de Apelaciones revocó esta decisión por entender que la Ley de Sentencia Suspendida y Libertad a Prueba excluía de sus beneficios a personas convictas

bajo el Art. 8 de la Ley de Armas, *supra*. *Pueblo v. Zayas Rodríguez*, supra. La Ley de Sentencia Suspendida y Libertad a Prueba, según enmendada por la Ley Núm. 8 de 30 de noviembre de 1989, establecía que el Tribunal Superior podría " 'suspender los efectos de la sentencia que se hubiera dictado en todo caso de delito grave que no fuere ... [una] infracción a los Artículos 5, 6A en su modalidad de delito grave, 8 y 10 de la "Ley de Armas de Puerto Rico" ...' ". 1989 Leyes de Puerto Rico 617–618. A pesar de que el texto literal de la ley incluye el Art. 8 de la Ley Armas, *supra*, en *Zayas Rodríguez*, supra, resolvimos que era forzoso concluir que esta inclusión fue un error de la Legislatura, dada la clara intención legislativa que surgía del historial.

En ese caso, pudimos comprobar del historial legislativo que los artículos de la Ley de Armas que se querían incluir eran los que prohibían la posesión y el uso de armas de fuego de alta capacidad destructiva, como las ametralladoras, carabinas, escopetas de cañón cortado y rifles. *Pueblo v. Zayas Rodríguez*, supra. Como el Art. 8 de la Ley de Armas, *supra*, no era uno de éstos, y como el Art. 8A (25 L.P.R.A. sec. 418a) sí lo era, concluimos que la Legislatura había cometido el error de omitir la "A" al redactar la ley, y nos negamos a incluir el Art. 8 en la prohibición de la Ley de Sentencia Suspendida y Libertad a Prueba. *Pueblo v. Zayas Rodríguez*, supra, págs. 546–547.

El caso de autos es muy diferente. En primer lugar, la Ley de Sentencia Suspendida y Libertad a Prueba fue enmendada en el 1993, y es esta ley enmendada la de aplicación en el caso de autos. Bajo esta nueva ley, como ya hemos mencionado, cualquier convicto de delito grave que utilice un arma de fuego durante la comisión del delito queda excluido de los beneficios de una sentencia suspendida. 34 L.P.R.A. sec. 1027. Esta disposición no era de aplicación en *Pueblo v. Zayas Rodríguez*, supra, ya que los hechos de aquel caso ocurrieron antes de 1993. Por lo

tanto, en el caso de autos no nos enfrentamos a la interrogante de si las infracciones de la Ley de Armas excluyen a Álvarez Rodríguez de los beneficios de una sentencia suspendida. Aquí lo que debemos dilucidar es si haber utilizado un arma de fuego durante la comisión de un delito grave tiene este efecto.

La discordancia entre el texto de la ley y la intención legislativa que encontramos en *Pueblo v. Zayas Rodríguez*, supra, no está presente en este caso. La Exposición de Motivos de la Ley Núm. 33, *supra*, 1993 Leyes de Puerto Rico 169, expone la inequívoca intención de la Legislatura de excluir de los beneficios de la Ley de Sentencia Suspendida y Libertad a Prueba a *cualquier* convicto de delito grave que utiliza un arma de fuego:

> Dado el peligro que representa para nuestra sociedad el que las personas que utilizan o intentan utilizar un arma de fuego en la comisión de un delito grave o su tentativa estén en la libre comunidad antes de que cumplan el término de reclusión que se les imponga, esta ley excluye del beneficio de la sentencia suspendida y de la libertad bajo palabra a dichas personas. Exposición de Motivos, *supra*.

Esta misma intención surge del Informe de la Comisión de lo Jurídico del Senado de Puerto Rico sobre el P. de la C. 400 de 15 de junio de 1993, 12ma Asamblea Legislativa, 1ra Sesión Extraordinaria, y del Informe de la Comisión Especial sobre Legislación para Combatir el Crimen de la Cámara de Representantes sobre el P. de la C. 400 de 13 de julio de 1993, 12ma Asamblea Legislativa, 1ra Sesión Extraordinaria.

▐ Nuestro Código Civil dispone que "[c]uando la ley es clara libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu". 31 L.P.R.A. sec. 14. No obstante, "[s]abido es que los tribunales, a fin de resolver las controversias ante su consideración y adjudicar los derechos de las partes, deben interpretar las leyes aplicables a la situación de hechos que

tienen ante sí, de forma tal que se cumpla cabalmente con la intención legislativa". *Pueblo v. Zayas Rodríguez*, supra, pág. 537, *citando* a R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico*, 2da ed. rev., San Juan, Pubs. J.T.S., 1987, Vol. 1, pág. 241. Es decir, que debemos siempre tener en cuenta la intención legislativa al interpretar una ley, aunque ésta parezca ser clara.

Solamente haremos interpretaciones que divergen del texto claro de la ley, como la que hicimos en *Pueblo v. Zayas Rodríguez*, supra, en los casos extraordinarios en los cuales resulte forzoso concluir del historial legislativo que la Legislatura ha cometido un error accidental de redacción. En el caso de autos no existe ni la más remota indicación de que algo similar ha ocurrido. Por lo tanto, debemos seguir el claro mandato de la Legislatura.

El mero hecho de que estemos en desacuerdo con dicho mandato nunca será razón suficiente para ignorarlo. Nuestro sistema político se basa primordialmente en el derecho del pueblo a autogobernarse. La Asamblea Legislativa surge como primordial emblema de la voluntad democrática. En ella recae la inefable tarea de darle voz y voto a esa voluntad del pueblo. No intervenimos en ese proceso sino con la más delicada mesura. El hecho de que entendamos que la inflexibilidad que se perpetúa en la vigente Ley de Sentencia Suspendida y Libertad a Prueba no sea la más sabia solución al problema del crimen en Puerto Rico no nos permite abrogarnos poderes legislativos. Por más que pensemos que los estándares referentes a cuándo procede conceder una sentencia suspendida deben ser de la más maleable naturaleza, y que tal determinación debe recaer en la sana discreción del tribunal, no podemos adjudicarnos un poder que le corresponde exclusivamente a la Asamblea Legislativa. Utilizamos, pues, las herramientas que nos provee dicha asamblea, al resolver el caso de autos.

## IV

En este caso, Álvarez Rodríguez fue convicto del delito grave de homicidio, que conlleva una pena de reclusión de diez (10) años. Surge del expediente que el acusado utilizó un revólver para dispararle dos (2) veces a cada víctima. Por lo tanto, tenemos que concluir que Álvarez Rodríguez está excluido de los beneficios de la Ley de Sentencia Suspendida y Libertad a Prueba bajo el Art. 2 de dicha ley, 34 L.P.R.A. sec. 1027.

El Tribunal de Circuito de Apelaciones erró al concluir que nuestra decisión en *Pueblo v. Zayas Rodríguez*, supra, era de aplicación en este caso. Las disposiciones de ley aplicables al caso de autos son diferentes a las que entraron en juego en *Pueblo v. Zayas Rodríguez*, supra. Por lo tanto, *resolvemos que Álvarez Rodríguez no se puede beneficiar de la sentencia suspendida dictada por el foro de instancia, revocamos la decisión del Tribunal de Circuito de Apelaciones, y devolvemos el caso al Tribunal de Primera Instancia para que dicte sentencia de manera consistente con esta opinión.*

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Rivera Pérez concurrió con el resultado sin opinión escrita.