Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br>v.<br><br><br>**DONATO MERCADO RIVERA**<br><br>Peticionario | KLCE202500138 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Mayagüez**<br><br>Caso Núm.:<br>**ISCR201901155-1158)**<br><br>Sobre: **TENT. ART. 93 A Y OTROS** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de marzo de 2025.

Comparece ante nos, Donato Mercado Rivera, en adelante, Mercado Rivera o peticionario, solicitando que revisemos la *"Resolución"* del Tribunal de Primera Instancia, Sala Superior de Mayagüez, en adelante, TPI-Mayagüez, del 7 de enero de 2025. Mediante el dictamen recurrido, el Foro Primario declaró *"No Ha Lugar"* una solicitud de fianza en un proceso de revocación de probatoria.

Por los fundamentos que expondremos a continuación, *denegamos* expedir el recurso.

### I.

El 5 de mayo de 2022, Mercado Rivera se declaró culpable y fue sentenciado por el delito de Agresión Grave, Artículo 109 del Código Penal de Puerto Rico, en adelante, Código Penal, Ley Núm. 146-2012, 33 LPRA sec. 5162. También, fue convicto por la

Portación y Uso de Armas Blancas, dos (2) infracciones al Artículo 5.05 de la ahora derogada Ley de Armas de Puerto Rico, Ley Núm. 404-2002, 25 LPRA ant. sec. 458(d). Sin embargo, su sentencia fue suspendida al amparo de la Ley de Sentencia Suspendida y Libertad a Prueba, Ley Número 259 de 3 de abril de 1946, 34 LPRA sec. 1026 *et seq.*[1]

Así las cosas, el 16 de julio de 2022, el Ministerio Público solicitó al Foro Primario que revocara la probatoria del peticionario, por hechos acaecidos el día anterior.[2] En su moción, expuso que Mercado Rivera había violado las condiciones de su probatoria, al incurrir en lo siguiente: dos (2) violaciones al Artículo 3.1 de Maltrato de la Ley para la Prevención e Intervención con la Violencia Doméstica, Ley Número 54 de 15 de agosto de 1989, 8 LPRA sec. 631; una (1) infracción por Portación, Transportación o Uso de Armas de Fuego sin Licencia del Artículo 6.05 de la Ley de Armas de Puerto Rico de 2020, en adelante, Ley de Armas, Ley Núm. 168-2019, 25 LPRA 466(d); y una violación por Riesgo a la Seguridad u Orden Público al disparar un arma de fuego del Artículo 240 del Código Penal, supra, sec. 5339.

Celebrada la vista a estos efectos ese día, el TPI-Mayagüez determinó causa probable por todas las violaciones.[3] Mediante *"Resolución y Orden"* del 16 de julio de 2022, el Foro Recurrido ordenó el arresto de Mercado Rivera *sin fianza*. El 18 de julio de 2022, al diligenciarse la orden de arresto, al peticionario se le ocuparon varias armas de fuego.[4]

Posteriormente, el 20 de julio de 2022, el Ministerio Público radicó una *"Moción Urgente Solicitando Vista Final de Revocación"*, en la que adjuntó un *"Informe de Violación de Condiciones"*.[5] Este

---

[1] Apéndice del recurso, págs. 17-22.
[2] *Id.*, pág. 23.
[3] *Id.*, pág. 25.
[4] *Id.*, pág. 30
[5] *Id.*, págs. 29-30.

informe recopiló los sucesos que suscitaron la solicitud de revocación de la probatoria de Mercado Rivera, *y la ocupación de armas de este al momento de su arresto.* Estos hechos despuntaron los respectivos encausamientos criminales. Eventualmente, en los cargos por los hechos ocurridos el 15 de julio de 2022, hubo una determinación de *"No Causa Probable"* en Vista Preliminar.[6] Sin embargo, el procedimiento criminal por la incautación de armas de fuego del 18 de julio de 2022 continuó en marcha.[7]

Ahora bien, por razón de estos procesos independientes, la vista de revocación de probatoria ha sido postergada en innumerables ocasiones.[8] Por ello, el peticionario presentó el 10 de marzo de 2023 una *"Moción Urgente Solicitando Fianza para Revocación de Probatoria",*[9] la cual fue declarada *"No Ha Lugar"* el 14 de marzo de 2023.[10] Transcurrido poco más de un (1) año y medio, el 20 de septiembre de 2024, realizó la misma solicitud al Foro Recurrido, y el 23 de septiembre de 2024, el TPI-Mayagüez, nuevamente, la declaró *"No Ha Lugar".*[11]

Más adelante, el 1 de octubre de 2024, se celebró una vista sobre la revocación de probatoria.[12] En esta, la representación legal de Mercado Rivera arguyó que el arresto por violar las condiciones de su probatoria se debe a unos cargos que no prosperaron en la etapa de Vista Preliminar. Por ello, solicitó que se dejara al peticionario en libertad bajo fianza, en lo que se celebraba la vista final de revocación. El Foro Primario concedió a la defensa, el Ministerio Público, e incluso, a la técnico socio penal del Departamento de Corrección y Rehabilitación que se encontraba presente, que presentaran su postura por escrito. Finalmente, se

---

[6] Apéndice del recurso, pág. 15-16.
[7] *Id.*
[8] *Id.*, pág. 15.
[9] *Id.*, pág. 31.
[10] *Id.*, pág. 3.
[11] *Id.*
[12] *Id.*, pág. 16.

señaló la Vista final para la revocación de probatoria para el 30 de octubre de 2024.

Luego de evaluar los planteamientos de las partes, el 28 de octubre de 2024, el TPI-Mayagüez declaró *"No Ha Lugar"* la solicitud de Mercado Rivera.[13] Inconforme, el 14 de noviembre de 2024, el peticionario radicó un *"Escrito e[n] Solicitud de Reconsideración y Remedio por Violación al Debido Proceso de Ley"*.[14] El 7 de enero de 2025, el Foro Primario a quo emitió una *"Resolución"* en la que reiteró su posición y declaró *"No Ha Lugar"* la solicitud de la defensa.[15]

A posteriori, Mercado Rivera presentó ante esta Curia una *"Petición de Certiorari"*, el 10 de febrero de 2025.[16] En su recurso, expuso el siguiente señalamiento de error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR EL REMEDIO SOLICITADO TODA VEZ QUE NO SE NOTIFICÓ DEBIDAMENTE AL PROBANDO DE LAS PRESUNTAS VIOLACIONES A LAS CONDICIONES DE LA PROBATORIA, EN CLARA CONTRAVENCIÓN AL DEBIDO PROCESO DE LEY Y AL ARTÍCULO 4 DE LA LEY DE SENTENCIAS SUSPENDIDAS.

Mediante *"Resolución"* del 26 de febrero de 2025, concedimos al Procurador General de Puerto Rico, en representación de la parte apelada, a presentar su escrito en oposición en o antes del 11 de marzo de 2025. Luego de una prórroga, el 19 de marzo de 2025, estos comparecieron en cumplimiento de orden.

Perfeccionado el recurso ante nos, procedemos a expresarnos.

---

[13] Apéndice del recurso, pág. 12.
[14] *Id.*, pág. 5.
[15] *Id.*, pág. 3.
[16] El término jurisdiccional para presentar este recurso vencía el 7 de febrero de 2024. Por ello, hacemos constar que el peticionario radicó su recurso en el TPI-Mayagüez el 5 de febrero de 2024, y ese mismo día, mediante correo certificado, envió el recurso a este Tribunal. De esta manera, quedaron satisfechos los requisitos de la Regla 33 del Reglamento del Tribunal de Apelaciones, 33 LPRA Ap. XXII-B, R. 33.

**II.**

**A. Certiorari Criminal**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Pueblo v. Guadalupe Rivera*, 206 DPR 616, 632 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

Expedir el recurso "no procede cuando existe otro recurso legal que protege rápida y eficazmente los derechos de la parte peticionaria". *Pueblo v. Díaz de León*, supra, pág. 918. Conviene destacar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Torres González v. Zaragoza Meléndez*, supra, pág. 847; *Pueblo v. Custodio Colón*, 192 DPR 567, 588 (2015). *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013). A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata-Rivera v. J.F. Montalvo*, supra.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, supra, pág. 372. La precitada Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.
*BPPR v. SLG Gómez-López,* 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró,* 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el Foro Apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty,* supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y

que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). (Énfasis suplido).

### B. Revocación de probatoria

La Ley de Sentencia Suspendida y Libertad a Prueba, según enmendada, en adelante, Ley de Sentencia Suspendida, Ley Número 259 de 3 de abril de 1946, 34 LPRA sec. 1026 *et seq.*, es el estatuto "mediante el cual se le confiere a un convicto la oportunidad de cumplir su sentencia o parte de esta, fuera de las instituciones penales, siempre y cuando este observe buena conducta y cumpla con las restricciones que el tribunal le imponga". *Pueblo v. Zayas Rodríguez*, 147 DPR 530, 535-536 (1999). Véase, además, *Pueblo v. Vélez Torres*, 212 DPR 175, 182 (2023); *Pueblo v. Hernández Villanueva*, 179 DPR 872, 881–882 (2010); *Pueblo v. Vázquez Carrasquillo*, 174 DPR 40, 46 (2008); *Pueblo v. Álvarez Rodríguez*, 154 DPR 566, 570 (2001); *Pueblo v. Molina Virola*, 141 DPR 713 (1996). Nuestro Alto Foro ha reiterado "que el disfrute de una sentencia suspendida es un privilegio, y su concesión descansa en la sana discreción del tribunal". *Pueblo v. Vélez Torres*, supra, pág. 182.

Por ser relevante al caso de marras, destacamos que mediante el Artículo 4 de la Ley de Sentencia Suspendida, supra, sec. 1029, el Foro Primario podrá revocar los beneficios de la Ley. El precitado Artículo reza de la siguiente manera:

> El tribunal sentenciador podrá en cualquier momento en que a su juicio la libertad a prueba de una persona fuere incompatible con la debida seguridad de la comunidad o con el propósito de rehabilitación del delincuente, revocar dicha

libertad y ordenar la reclusión de la persona por el período de tiempo completo señalado en la sentencia cuya ejecución suspendió para ordenar la libertad a prueba, sin abonarle a dicha persona el período de tiempo que estuvo en libertad a prueba.

*Pueblo v. Texidor Seda*, 128 DPR 578, 583-584 (1991).

Ahora bien, para poder revocar una sentencia suspendida, el Ministerio Público debe cumplir con ciertos requisitos. Nuestro Tribunal Supremo explicó los mismos de la siguiente manera: "primeramente el tribunal, previa solicitud, debe celebrar una vista *ex parte* para evaluar si existe causa probable para creer que el probando ha violado las condiciones de la probatoria. El juez determinará, en el ejercicio de su discreción, si ordena el arresto del probando en ese momento o lo cita para una vista posterior". *Pueblo v. Acevedo Ramos*, 173 DPR 219, 224 (2008). Luego de esta vista, se deberá celebrar una vista sumaria inicial de carácter informal, en donde el probando tendrá la oportunidad a ser oído, presentar prueba a su favor, confrontar al oficial sociopenal y a los demás testigos adversos disponibles. *Id*.

**III.**

Mercado Rivera recurre ante nos solicitando que revoquemos al TPI-Mayagüez, y concedamos la libertad bajo fianza que en múltiples ocasiones ha solicitado, hasta tanto se celebre la vista de revocación de probatoria. Alega que el debido proceso de ley ha sido violentado, ya que las alegadas violaciones a las condiciones de su probatoria se basaron en cargos imputados por los eventos del 15 de julio de 2022, los cuales no prosperaron. Por su parte, la parte apelada arguye que los derechos de este no han sido violentados, ya que tanto los hechos del 15 de julio de 2022, como los del 18 de julio de 2022, son la razón por la cual permanece recluido.

Ahora bien, expuesta la divergencia en ambas posturas, y un examen sosegado del expediente y el pronunciamiento del cual se recurre, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Foro Primario. Nuestra decisión de expedir o denegar recursos como el solicitado, es una discrecional y no constituye una adjudicación en los méritos.

Por tanto, al amparo del sentido de la prudencia y conforme a los criterios reglamentarios esbozados en la Regla 40, supra, los cuales delimitan nuestra intervención en este tipo de recursos, concluimos que nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna.

**IV.**

Por los fundamentos antes expuestos, *denegamos* expedir el recurso solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones